RANNEY *v.* SECRETARY OF STATE.

1. JUDGES—CIRCUIT JUDGES—NOMINATIONS—CONSTITUTIONAL LAW.
   The Constitution requires that nominations for office of circuit judge be made by a nonpartisan primary election (Const. 1908, art. 7, § 23).

2. SAME—CONSTITUTIONAL LAW—PURPOSE OF NONPARTISAN JUDICIAL PRIMARY.
   The purpose of constitutional requirement that nonpartisan judicial primary election be held for nominating candidates for office of circuit judge is to afford an opportunity for electors to designate not only candidates for whom petitions have been circulated but to nominate directly others, to the end that not more than twice as many candidates may be nominated than there are offices to be filled (Const. 1908, art. 7, § 23).

3. SAME—NONPARTISAN JUDICIAL PRIMARY—STATUTES—CONSTITUTIONAL LAW.
   Insofar as statute would have the effect of doing away with the nonpartisan primary election for circuit judges, it is of no effect, since it is contrary to provision of Constitution requiring that circuit judges be nominated at a nonpartisan judicial primary (Const. 1908, art. 7, § 23; Act No. 351, pt. 3, chap. 2, § 9, Pub. Acts 1925, as added by Act No. 1, Pub. Acts 1941).

4. MANDAMUS—PARTIES—QUESTIONS REVIEWABLE.
   Whether or not taxpayer and elector of county in which petitions nominating only 30 candidates were filed for office of 18 circuit judges, was a proper person to maintain mandamus proceeding against a State officer is not determined where writ is denied on the merits (Const. 1908, art. 7, § 23; Act No. 351, pt. 3, chap. 2, § 9, Pub. Acts 1925, as added by Act No. 1, Pub. Acts 1941).

5. COSTS—PUBLIC QUESTION—NONPARTISAN JUDICIAL PRIMARY.
   No costs are allowed in taxpayer's mandamus proceeding against secretary of State to compel him to refrain from holding a

nonpartisan judicial primary election, a question of public interest being involved (Const. 1908, art. 7, § 23; Act No. 351, pt. 3, chap. 2, § 9, Pub. Acts 1925, as added by Act No. 1, Pub. Acts 1941).

Mandamus by Clifford H. Ranney against Fredrick M. Alger, Jr., Secretary of State, to compel defendant to certify to Wayne County Board of Election Commissioners the names of candidates for whom petitions had been filed for office of circuit judge in the third judicial circuit. Submitted January 22, 1947. (Calendar No. 43,651.) Writ denied January 28, 1947.

*Thomas G. Long* and *Richard Ford,* for plaintiff.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *John Bradshaw* and *Elbern Parsons,* Assistants Attorney General, for defendant.

*Amici Curiae:*
   City of Pontiac, by *William A. Ewart.*

   County of Oakland, by *Harry J. Merritt.*

   George G. Dunn, Genesee County Clerk, by *Neithercut & Neithercut, Cook, Stipes & Michelson, Andrew J. Transue,* and *Myron Winegarden.*

REID, J. Plaintiff Clifford H. Ranney, a taxpayer of the State of Michigan in Wayne county, a citizen of the State, an elector entitled to vote at all primary and general elections, a resident of Detroit and owner of land and personal property assessed for taxation in the city of Detroit, Wayne county, Michigan, files his petition against the defendant, secretary of State of Michigan, for a writ of mandamus.

The petition sets forth that the third judicial circuit of the State of Michigan comprises the county of Wayne, in which circuit by law there are 18 circuit judges. The terms of all of the present incumbent judges will expire December 31, 1947, and their successors are required by law to be elected at the biennial election to be held the first Monday in April, 1947. The State Constitution (1908), art. 7, § 23, requires the nominating petitions for candidates for the office of circuit judge to be filed with the defendant as secretary of State on or before January 13, 1947, that being 35 days before the third Monday in February, on which day the primary election is by law required to be held. See 1 Comp. Laws 1929, § 2858, as amended by Act No. 172, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 2858, Stat. Ann. 1946 Cum. Supp. § 6.113). Such petitions must be filed in order to obtain the printing of the names of the candidates for the office of circuit judge on the primary ballot to be balloted upon at the nonpartisan primary election to be held February 17, 1947 (the third Monday in February).

It is further the claim of plaintiff that by virtue of Act No. 351, pt. 3, chap. 2, § 9, Pub. Acts 1925, as added by Act No. 1, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 2864-2, Stat. Ann. 1946 Cum. Supp. § 6.120), if nominating petitions have been filed for no more candidates than there are persons to be nominated, then the defendant, as secretary of State, shall certify to the Wayne county board of election commissioners the names of all the candidates whose petitions have been filed and that such candidates shall be nominees for such office and that as to such office no nonpartisan primary election shall be held.

Plaintiff further recites that on or before January 13, 1947, there were filed with the defendant,

nominating petitions for not more than 36 candidates for the office of circuit judge in said third judicial circuit and in fact, there were filed petitions for 30 candidates and no more. Plaintiff further claims that it became the duty of defendant to certify the names of the 30 candidates whose petitions had been thus filed, but that defendant refused to certify the 30 candidates as persons who are nominated whose names should be printed upon the nonpartisan election ballots for the general election the first Monday in April, 1947. Plaintiff further claims that upwards of $50,000 will be caused to be expended by the public in Wayne county in holding the judicial nonpartisan primary election, if one were held, and that such expense would be a useless waste of public funds. Plaintiff prays that a writ of mandamus issue directing the defendant to certify the 30 persons as nominees, so that there will be no necessity for holding a nonpartisan judicial primary election in the third judicial circuit on February 17, 1947.

Defendant while not denying that petitions of the purport claimed by petitioner have been filed with him, asserts that it is not his duty and that it is not within his power to certify the 30 persons whose petitions have been filed with him as persons who are nominated and in effect, defendant claims that it is necessary that a nonpartisan judicial primary election be held in the third judicial circuit on February 17, 1947. In support of his contention, defendant cites article 7, § 23, of the State Constitution, the pertinent portion of which is as follows:

"SEC. 23. All primary elections and elections of justices of the Supreme Court, judges of the circuit court, judges of probate courts and all county judicial officers provided for by the legislature under section 21 of article 7 of the Constitution shall be

nonpartisan and shall be conducted hereunder. For the purposes of this section, all elections at which candidates for said judicial offices are nominated are designated 'primary elections.' Nominations for justices of the Supreme Court shall be made as now or hereafter provided by law; *nominations for all other said judicial offices shall be made at nonpartisan primary elections.* This section is declared to be self-executing. Except as in the Constitution otherwise provided, all primary election and election laws, including laws pertaining to partisan primaries and elections, shall, so far as applicable, govern primary elections and elections hereunder." (Italics supplied.)

Defendant stresses the words which we have italicized. The portion of article 7, § 23, not above quoted, after providing for the filing of nomination petitions for candidates for judicial offices, and requiring a separate judicial ballot containing no party designation to be used for primary elections and elections under said section 23, concludes with this sentence:

"The candidates receiving the largest number of votes at any such primary election, to a number equal to twice the number of places to be filled, shall be nominated."

The Constitution plainly requires that nominations for certain judicial offices other than justices of the Supreme Court shall be made at nonpartisan judicial primary elections, and nowhere authorizes the legislature to do away with the holding of a nonpartisan judicial primary for the purpose of such nominations. The plain purport of article 7, § 23, is to require the holding of a nonpartisan primary election not only so that the 30 persons mentioned may be voted upon at the primary by electors in designating their choice of nominees, but also that

electors may have the opportunity, by proper procedure, to vote for the direct nomination of others as nominees for the office of circuit judge; and thus have printed on the ballots for use at the April election the names of 36 candidates if nominated, which may or may not include the names of all of the 30 persons whose petitions have been filed with the secretary of State.

The statute relied upon by plaintiff, Act No. 351, pt. 3, chap. 2, § 9, Pub. Acts 1925, as added by Act No. 1, Pub. Acts 1941, is as follows:

"Sec. 9. · If upon the expiration of the time for filing petitions for the general primary election held on the third Monday in February, it shall appear that, as to any office on any nonpartisan ticket there is no opposition, then the officer with whom such petitions are filed shall certify to the proper board of election commissioners the name of such candidate whose petitions have been properly filed, and such candidate shall be the nominee for such office and shall be so certified. As to such office there shall be no primary and such office shall be omitted from the primary ballot. The provisions of this section shall likewise apply where more than one candidate is to be nominated for any office and there are no more candidates than there are persons to be nominated."

Plainly the above statute would cause a nomination of the 30 persons whose petitions are hereinbefore spoken of, by petition instead of "at nonpartisan primary elections." So far, therefore, as said Act No. 351, pt. 3, chap. 2, § 9, Pub. Acts 1925, as added by Act No. 1, Pub. Acts 1941, above cited, would have the effect of doing away with the nonpartisan primary election for circuit judges in the third judicial circuit, the act is contrary to the provision of article 7, § 23, of the State Constitution, and the act is to that extent, therefore, of no effect.

The nonpartisan judicial primary election must be held on February 17, 1947, regardless of the provisions of part 3, chap. 2, § 9 of the general election law, as added by Act No. 1, Pub. Acts 1941 because of the constitutional provision that nominations for judicial offices, other than for Supreme Court justices, must be made at nonpartisan primary elections.

Since it is not essential to decision herein, we deem it unnecessary to pass upon appellee's contention that plaintiff is not a proper person to maintain this action of mandamus against the State officer. But see *People, ex rel. Ayres,* v. *Board of State Auditors,* 42 Mich. 422; *Giddings* v. *Secretary of State,* 93 Mich. 1 (16. L. R. A. 402); *Baldwin* v. *Alger County Supervisors,* 189 Mich. 372.

Mandamus is denied, but no costs are allowed since a question of public interest is involved.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, NORTH, and DETHMERS, JJ., concurred.